DERRICK VERNON COLE
31750 LANDAU BLVD APT #A65 (Physical)
CATHEDRAL CITY, CALIFORNIA 92234
7116 PINEDALE AVE (Mailing)
LAS VEGAS, NEVADA 89145.
702-868-5668 HOME PHONE
702-241- 6059 MOBILE PHONE
PLAINTIFF IS IN PRO/PER:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICKVERNON COLE | ) CASE NO: 5:17-CV-00974-JFW-SP |
| | ) |
| PLAINTIFF | ) PLAINTIFF'S MOTION FOR LEAVE |
| VS. | ) TO FILE PLAINTIFF'S FIRST |
| | ) SUPPLEMENT COMPLAINT ON |
| EDUCATION CREDIT | ) GROUNDS DEFENDANT DID NOT |
| MANAGEMENT CORPORATION | ) MEET WITH PLAINTIFF TO FILE |
| | ) |
| | ) Time Monday 1:30 p.m. |
| DEFENDANT | ) Date October 9th, 2017 |
| | ) Judge: HONORABLE JOHN F WALTER |
| _____ | ) Dept: Courtroom 7A |

## INTRODUCTION

Plaintiff Derrick V Cole, has attempted to have a (Meet And Confer) with the Defendant's on July 27, 2017, as outlined in Plaintiff's [Request For The Court To Overrule Defendant's Objection]. Plaintiff has attempted by (E-Mail) to meet and confer discuss the issues of the Plaintiff's First Supplement Complaint and try to resolve this case. The Defendant's Counsel made it clear at the recent (meet and confer) they would not discuss Plaintiff (FSC) First Supplement Complaint and they are not going to resolve this case.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    1

## STATEMENT OF FACTUAL AND LEGAL ISSUES

It appears the Defendant and their Counsel are not trying to resolve this case for the reason the entire time that Plaintiff's (FSC) First Supplement Complaint was filed the only thing this Defendant and their Counsel have done is to find a way to avoid releasing the "Accounting" of Plaintiff's payments or having the evidence of payments in this (FSC) amended filing be denied because it is evidence the Defendant was paid by the Plaintiff. They want Plaintiff Cole to pay again to cover up fraud, unfair practice with false misleading statements, and the breach of the obligation "Loan Rehabilitation Agreement", negligence committed to willfully cause damage.

The Defendant with their Counsel has made "Declarations and Objections" to Plaintiff's (FSC) First Supplement Complaint. Further the Defendant has avoided any discussion of Plaintiff's (FSC) First Supplement Complaint and evidence.

The Defendants are not looking for a resolution to this case, it appears they want another case authority. If they win this case, they will be allowed to [Practice Unfairly] and give [False and Misleading Statements], commit [Fraud], and provide [Misrepresentation] of their [Loan Rehabilitation Agreements]. There also take payments and not give credit for them as they have done to Plaintiff Cole as alleged in Plaintiff's Original Complaint

The case's precedence before this Court will determine if the Defendant a "Guaranty Agency" working on behalf of Department Of Education a Federal Government entity will be allowed to commit [Fraud] and give [False] and misleading

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    2

information during their bona fide fiduciary obligation to the Government of credit and collection of "Student Debt".

If the Defendant wanted to resolve this case they would give Plaintiff Credit for the (Money) out of pocket they have taken from him, (Garnishment) money taken from his (Disability Income) from another government entity. Also change Plaintiff's status out of default) as it was wrongfully placed there, and let Plaintiff have his education. This "Corporation" said (No Way) they want an (Authority) that gives them the right to commit [Unfair Practice] which includes [Fraud], making false statements to breach their "Loan Rehabilitation Agreements". False and misleading representation as they have done to the Plaintiff in this case as pleaded in the (Original Complaint).

There are cases this Defendant has in the Federal Reporter, not one of them shows this type of conduct being (EXEMPT) so how does Plaintiff understand. A mistake is one thing but [Abuse], [Fraud], and [False Statements] and (neglect) on person for a student loan debt is "Outrageous".

## PLAINTIFF'S MOTION FOR LEAVE FILE PLAINTIFF'S FIRST SUPPLEMENT COMPLAINT

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff Pro Se, Moves for leave to file his current (FSC) First Supplement Complaint. Plaintiff has reviewed Rule 15 (d) it allows for a transaction, occurrence or event that happened after the date of the Pleading.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    3

The court may permit supplementation even though the original pleading is defective.

**Statement Of New Events:**

August 9th, 2017 Derrick V Cole was told that he is not allowed to attend School at (University Of Los Vegas) due to his (Default) statues with a "Guaranty Agency". Thereof, the reasons and grounds was due to "FRAUD" as stated by the College Financial Aid Office. Thereof, in good faith on August 10th, 2017 Plaintiff Cole attempted to discuss the issue with Defendant's Counsel because Educational Credit Management Corporation is the named party to have committed the "FRAUD".

Plaintiff's phone calls were not returned. Plaintiff tried to resolve the matter and without the necessity of filing a motion Plaintiff tried to mitigate his damages and comply with (Meet And Confer) by showing his evidence to the Defendant's Counsel.

Plaintiff filed the (FSC) First Supplement on Aug 10, 2017. The (CMS) Case Management Statement Order was issued July 26, 2017. It states that the parties have to make a joint filling outlining what is to come in and what stays out.

It was NOT Plaintiff's intention to disregard the [Rules of the Court], and the (Case Management Order), as the Defendant's Counsel has held Plaintiff Cole out. They defaulted him and demand a judicial denial of Plaintiff's (FSC). Plaintiff ask for a second chance with a profound apology I apologize of filing without this Motion.

Plaintiff, is going through a devastating period in his life, and is under duress and stress because the Defendant's did not want to resolve this case, they want

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    4

Plaintiff Cole to pay his bill twice $7,000.00 for a $3,500.00 student loan debt.

The Defendant through Counsel refused to review the (FSC) First Supplement Complaint with all the supporting evidence, plus unsubmitted evidence. There is evidence in this case concerning new events and the Court should have the opportunity to review that evidence. Hereof, it's not just the Plaintiff's [opinion] that fraud has happen it's others parties as well are reporting it.

The Original Complaint was filed on May 10, 2017 alleging "Unfair Practice"

"False And Misleading Representation" Page 4¶

11.) The "Defendant" (ECMC) "Educational Credit Management Corporation" allowed unprofessional conduct to invade their practices and policy that caused the breach of the "Loan Rehabilitation Agreement" causing this once paid debt to be placed back in (Default) and then wrongfully placed in a collection agency.

12.)    Four years have elapsed and the "Defendant" "Educational Credit Management  Corporation, is now attempting to collect a debt from a breached "Loan Rehabilitation Agreement".

The Defendant's case (Authorities) in the Federal Reporters, does not show where the defendants are EXEMPT to breach a loan rehabilitation agreement, with fraud. Plaintiff's (Original Complaint) Page 5

¶ 17.)    ECMC Educational Credit Management Corporation is demanding the original balance of "Derrick V Cole's" student loans to be repaid again without credit for previous payments.  The "Defendant" has no contractual grounds to cause an act of collections, wage garnishment, or interception of IRS funds on Plaintiff "Cole".

The Defendants have failed to provide and (Authority) (Statue) or (Code Of Procedure) that allows then to take cash (MONEY) out of Plaintiff's pocket and say

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    5

you are not receiving credit. That is (FRAUD), and the Defendants know it and want a case (Authority) in the Federal Reporter saying they can commit these type of violations which means they are above this Court, Congress, and the General Public.

Plaintiff's (FSC) First Supplement Complaint will clear up the issue of why the Plaintiff was placed in (Default), why he was not given credit for money out of pocket and show ground that Code Of Federal Regulations where violated against his person.

Plaintiff Cole should be able to make his claim to this Court by Judge or Jury to render redress because the Defendants want double.

## ARGUMENT

Rule 15(a) provides that leave to amend shall be freely given when justice Requires. "Leave to Amend a Complaint should be freely given in absence of undue Delay, bad faith, undue prejudice to the opposing party, repeated failure to cure Deficiencies, or futility." Richardson Vs. United States, 193 F.3d 545, 548-49 (D.C. Cir 1999. The United States Supreme Court has declared that "that mandate is to be heeded." Foman Vs Davis, 371 U.S. 178 182 (1962); Davis Vs. Liberty Mut. Ins. Co 871 F.2d 1134, 1136 (D.C. Cir 1989). Thus , the burden is on the opposing party to show that there is reason to deny leave. In re Vitamins Antitrust Litigation, 217 F.R.D 30, 32 (D.D.C 2003). The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claims on the merits." Foman, 371 U.S. at 182.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT        6

The law is well settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. Firestone Vs Firestone, 76 F.3d 1205, 1208 (D.C. Cir 1996). The grant or denial of leave to amend is committed to the sound discretion of the district court Anderson Vs USAA Cas. Ins. Co. 218 F.RD 307, 310.

I. Plaintiff Cole should be entitled to amend his complaint because he has not caused an undue delay Plaintiff have not intentionally delayed in bringing this motion to amend. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999); see also Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); Estate of Gaither v. District of Columbia, 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party."). Plaintiffs' proposed amendment would merely clarify the Code Of Federal Regulation claims upon which he relies on without significantly expanding or altering the scope of his [Original Complaint].

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT        7

Even should Defendant claim that there was undue delay in Plaintiff's attempt to amend his complaint, any alleged delay has been slight, particularly since this case is still at an early stage in litigation. Thus, there is no risk or unduly increasing discovery or delaying trial. N. Am. Catholic Educ. Programming Found., Inc v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 83 (D.D.C. 2012); Heller v. District of Columbia, No. 08-1289, 2013 U.S. Dist. LEXIS 38833, at *8 (D.D.C. Mar. 20, 2013).

("A case's position along the litigation path proves particularly important in that [hardship] inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."); Harrison, 174 F.3d at 253. In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" Driscoll v. George Washington Case 1:13-cv-00037-KBJ Document 23 Filed 07/30/13 Page 3 of 6 4 Univ., No. 12-0690, 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)).

There is thus no undue delay, and Plaintiff Cole should be allowed to file his (FSC) First Supplement amended complaint.

**II.** Plaintiff Cole should be allowed amend his complaint with Plaintiff's (FSC) First Supplement Complaint because Defendant will not be prejudiced by Plaintiffs' (FSC) First Supplement amended complaint. The "'liberal concepts of notice pleading" is to make the defendant aware of the facts." Harrison, 174 F.3d at 253 (emphasis added) (quoting Hanson v. Hoffman, 628 F.2d 42, 53 (D.C. Cir. 1980)).

Accordingly, a plaintiff is not bound by the legal theories originally alleged unless a defendant is prejudiced on the merits. Id. The addition of an Code Of Federal Regulation against Educational Credit Management Services, does not substantially change the theory on which the case has been proceeding since the amended complaint will continue to allege FDCPA and Constitutional and Civil violations based on the behavior allege in the (Original Complaint]. See Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006)

("Where 'the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation the court may deem it prejudicial.'") (quoting Zenit Radio Corp v. Hazeltine Research Inc., 401 U.S. 321 (1971)); Heller, 2013 U.S. Dist. LEXIS 38833, at *8. Neither is the addition of Code Of Federal Regulation claims "remote from the other issues in the case" since Plaintiff Cole has already pleaded triable facts claims based on the same facts. Djourabchi, 240 F.R.D. at 13. Therefore, Defendants will not be "required to engage in significant new preparation" in responding to Plaintiffs' new claims.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENT COMPLAINT    9

**III:** Plaintiff should be entitled to amend his complaint because his (FSC) First Supplement amendment would not be futile Plaintiffs' proposed amendment is not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing James Madison Ltd by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).

## CONCLUSION

Plaintiff Derrick V Cole, is praying this Court will give him a chance to prove all of his claims including the ones raised in this motion for leave to amend to file Plaintiff's (FSC) First Supplement Complaint.

8-31-2017
_____
Date

_____
Derrick V Cole Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I served this Response on opposing counsel the as required by the Rules of Service.

The Defendant is served through Counsel the Law Office Of Carlson & Messer located at 9841 Airport Boulevard, Suite 1200 Los Angeles, California 90045 David J Kaminski Lead Attorney/kaminskid@cemtlaw.com, and Attorney Second Chair schannongm@cmtlaw.com

8·30·17

_____
Derrick V Cole Pro Se